Kevin A. Lipeles (Bar No. 244275)
*kevin@kallaw.com*
Thomas H. Schelly (Bar No. 217285)
*thomas@kallaw.com*
LIPELES LAW GROUP, APC
1060 Aviation Blvd., Suite 100
Hermosa Beach, California 90254
Telephone: (310) 322-2211
Fax: (310) 322-2252

Attorneys for Defendant,
BRIAN BENSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOXEL LABS, INC.<br><br>          Plaintiff,<br><br>vs.<br><br>BRIAN BENSON,<br><br>          Defendant. | CASE NO.: 26-cv-03216-VC<br>Judge: Hon. Vince Chhabria<br><br>**DEFENDANT BRIAN BENSON'S VERIFIED ANSWER TO VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint filed: April 15, 2026<br>Trial date: None |

Defendant Brian Benson ("Benson" or "Defendant"), by and through his undersigned counsel, hereby answers the Verified Complaint for Emergency Injunctive Relief and Damages ("Complaint") of Plaintiff Voxel Labs Inc. ("Voxel" or "Plaintiff") as follows. Except as expressly admitted herein, Benson denies each and every allegation in the Complaint.

## NATURE OF THE CASE

**1.** Benson admits that Voxel is a San Francisco-based technology company that specializes in artificial intelligence to enhance workplace safety and operational efficiency in industrial environments including warehouses, manufacturing facilities, distribution centers, and port facilities, and that Voxel's platform integrates with existing security camera infrastructure to identify safety-related hazards and operational inefficiencies. Benson lacks

1

sufficient information to admit or deny the remaining allegations of Paragraph 1 and on that basis denies them.

2. Benson lacks sufficient information to admit or deny the allegations of Paragraph 2 regarding the terms and conditions of his employment agreement and on that basis denies them.

3. Benson denies the allegations of Paragraph 3.

4. Benson denies the allegations of Paragraph 4.

5. Benson lacks sufficient information to admit or deny the allegations of Paragraph 5 and on that basis denies them.

6. Benson admits the allegations of Paragraph 6.

7. Benson lacks sufficient information to admit or deny the allegations of Paragraph 7 regarding subject matter jurisdiction and on that basis denies them.

8. Benson lacks sufficient information to admit or deny the allegations of Paragraph 8 regarding venue and on that basis denies them.

9. Benson lacks sufficient information to admit or deny the allegations of Paragraph 9 regarding personal jurisdiction and on that basis denies them.

## JURISDICTION AND VENUE

10. Benson denies the allegations of Paragraph 10. In further response, Benson worked all over the country during the course of his employment with Voxel and was not limited to California at all relevant times.

11. Benson denies the allegations of Paragraph 11 as stated, including the characterization that Voxel is a "leading provider" of the described services.

## FACTUAL ALLEGATIONS

12. Benson lacks sufficient information to admit or deny the allegations of Paragraph 12 and on that basis denies them.

13. Benson lacks sufficient information to admit or deny the allegations of Paragraph 13 and on that basis denies them.

**14.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 14 and on that basis denies them.

**15.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 15 and on that basis denies them.

**16.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 16 and on that basis denies them.

**17.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 17 and on that basis denies them.

**18.** Benson admits the allegations of Paragraph 18.

**19.** Benson denies the allegations of Paragraph 19 as stated.

**20.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 20 and on that basis denies them.

**21.** Benson admits the allegations of Paragraph 21 that he entered into a Confidentiality Agreement with Voxel.

**22.** Benson lacks sufficient information to admit or deny the precise terms quoted in Paragraph 22 and on that basis denies them. Benson refers to the Confidentiality Agreement, which speaks for itself.

**23.** Benson admits that the Confidentiality Agreement contained language regarding the treatment of Confidential Information. Benson refers to the Confidentiality Agreement, which speaks for itself.

**24.** Benson lacks sufficient information to admit or deny the precise terms quoted in Paragraph 24 and on that basis denies them. Benson refers to the Confidentiality Agreement, which speaks for itself.

**25.** Benson admits that the Confidentiality Agreement contained provisions regarding the return of company property upon termination of employment. Benson refers to the Confidentiality Agreement, which speaks for itself.

**26.** Benson lacks sufficient information to admit or deny the allegations and disclaimers in Paragraph 26 and on that basis denies them.

27. Benson denies the allegations of Paragraph 27 that he threatened Voxel employees or threatened to "destroy [Voxel's] business." To the contrary, Benson has repeatedly expressed that Voxel is an excellent company and stated that if he ever left Voxel he would recommend Voxel to any company.

28. Benson admits that on or about March 18, 2026, he was notified his employment would be terminated.

29. Benson admits he was provided a Separation Agreement. Benson refers to the Separation Agreement, which speaks for itself.

30. Benson denies the allegations of Paragraph 30 that he was "accessing" Voxel's platform to improperly review customer information. In further response, Brian [Benson's supervisor] informed Voxel employees Tim and Kayvon of the situation, and Tim stated that a system token may not have been updated or revoked following Benson's termination.

31. Benson lacks sufficient information to admit or deny the allegations of Paragraph 31 and on that basis denies them.

32. Benson denies the allegations of Paragraph 32 that his access included copying and pasting confidential contact information. In further response, Brian informed the relevant Voxel personnel about the circumstances of any apparent system access.

33. Benson lacks sufficient information to admit or deny the allegations of Paragraph 33 and on that basis denies them. In further response, Benson was not certain of his Salesforce login credentials.

34. Benson lacks sufficient information to admit or deny the precise date alleged in Paragraph 34 and on that basis denies them. In further response, Benson does not know how to use Salesforce.

35. Benson lacks sufficient information to admit or deny the number of access attempts alleged in Paragraph 35 and on that basis denies them.

36. Benson lacks sufficient information to admit or deny the allegations of Paragraph 36 and on that basis denies them.

4

37. Benson admits the allegations of Paragraph 37 that, on or about April 3, 2026, Voxel communicated with him regarding system access.

38. Benson denies the allegations of Paragraph 38.

39. Benson admits the allegations of Paragraph 39 that Voxel's counsel sent a follow-up letter on or about April 6, 2026.

40. Benson lacks sufficient information to admit or deny the specific contents of the April 6, 2026 demand letter quoted in Paragraph 40 and on that basis denies them. Benson refers to the letter, which speaks for itself.

41. Benson denies the allegations of Paragraph 41. In further response, Benson identified his phone as a potential source and communicated with Voxel through his attorneys.

42. Benson denies the allegations of Paragraph 42.

43. Benson denies the allegations of Paragraph 43.

44. Benson denies the allegations of Paragraph 44.

45. Benson denies the allegations of Paragraph 45.

46. Benson denies the allegations of Paragraph 46.

47. Benson denies the allegations of Paragraph 47. In further response, Benson does not possess any trade secrets or confidential information belonging to Voxel.

48. Benson denies the allegations of Paragraph 48.

**FIRST CLAIM FOR RELIEF — BREACH OF CONFIDENTIALITY AGREEMENT**

49. Benson incorporates by reference his responses to Paragraphs 1 through 48 as though fully set forth herein.

50. Benson denies the allegations of Paragraph 50.

51. Benson lacks sufficient information to admit or deny the allegations of Paragraph 51 and on that basis denies them.

52. Benson denies the allegations of Paragraph 52.

53. Benson lacks sufficient information to admit or deny the allegations of Paragraph 53 and on that basis denies them.

54. Benson denies the allegations of Paragraph 54.

55. Benson denies the allegations of Paragraph 55. In further response, Benson denies that he possesses or has misused any trade secrets or confidential information.

56. Benson denies the allegations of Paragraph 56.

## SECOND CLAIM FOR RELIEF — VIOLATION OF

## CALIFORNIA PENAL CODE § 502

57. Benson lacks sufficient information to admit or deny the allegations of Paragraph 57 and on that basis denies them.

58. Benson lacks sufficient information to admit or deny the legal characterizations in Paragraph 58 and on that basis denies them.

59. Benson lacks sufficient information to admit or deny the legal characterizations in Paragraph 59 and on that basis denies them.

60. Benson lacks sufficient information to admit or deny the legislative history quoted in Paragraph 60 and on that basis denies them.

61. Benson lacks sufficient information to admit or deny the legal characterizations in Paragraph 61 and on that basis denies them.

62. Benson admits the allegations of Paragraph 62 that Voxel is the owner of data, computers, computer systems, and computer networks used to conduct its business.

63. Benson denies the allegations of Paragraph 63.

64. Benson lacks sufficient information to admit or deny the legal characterizations in Paragraph 64 and on that basis denies them.

65. Benson lacks sufficient information to admit or deny the legal characterizations in Paragraph 65 and on that basis denies them.

66. Benson lacks sufficient information to admit or deny the legal characterizations in Paragraph 66 and on that basis denies them.

67. Benson denies the allegations of Paragraph 67.

68. Benson denies the allegations of Paragraph 68.

**69.** Benson denies the allegations of Paragraph 69.

**70.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 70 and on that basis denies them.

**71.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 71 and on that basis denies them.

**72.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 72 and on that basis denies them.

**73.** Benson denies the allegations of Paragraph 73.

**74.** Benson denies the allegations of Paragraph 74.

**75.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 75 and on that basis denies them.

## THIRD CLAIM FOR RELIEF — DEFEND TRADE SECRETS ACT

**76.** Benson incorporates by reference his responses to Paragraphs 1 through 75 as though fully set forth herein.

**77.** Benson lacks sufficient information to admit or deny the legal characterizations in Paragraph 77 and on that basis denies them.

**78.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 78 and on that basis denies them.

**79.** Benson denies the allegations of Paragraph 79. In further response, Voxel's system was left open and accessible for over three weeks following Benson's termination, evidencing inadequate security measures.

**80.** Benson denies the allegations of Paragraph 80.

**81.** Benson denies the allegations of Paragraph 81.

**82.** Benson lacks sufficient information to admit or deny the allegations of Paragraph 82 and on that basis denies them.

**83.** Benson denies the allegations of Paragraph 83.

**84.** Benson denies the allegations of Paragraph 84.

85. Benson lacks sufficient information to admit or deny the allegations of Paragraph 85 and on that basis denies them.

86. Benson denies the allegations of Paragraph 86.

87. Benson denies the allegations of Paragraph 87.

88. Benson denies the allegations of Paragraph 88.

**FOURTH CLAIM FOR RELIEF — CALIFORNIA UNIFORM TRADE SECRETS ACT**

89. Benson incorporates by reference his responses to Paragraphs 1 through 88 as though fully set forth herein.

90. Benson lacks sufficient information to admit or deny the allegations of Paragraph 90 and on that basis denies them.

91. Benson lacks sufficient information to admit or deny the allegations of Paragraph 91 and on that basis denies them.

92. Benson denies the allegations of Paragraph 92.

93. Benson denies the allegations of Paragraph 93.

94. Benson denies the allegations of Paragraph 94.

95. Benson denies the allegations of Paragraph 95.

96. Benson denies the allegations of Paragraph 96.

97. Benson denies the allegations of Paragraph 97.

**REQUEST FOR INJUNCTIVE RELIEF**

98. Benson incorporates by reference his responses to Paragraphs 1 through 97 as though fully set forth herein.

99. Benson denies the allegations of Paragraph 99.

100. Benson denies the allegations of Paragraph 100.

101. Benson denies the allegations of Paragraph 101.

102. Benson denies the allegations of Paragraph 102.

103. Benson denies the allegations of Paragraph 103.

8

**AFFIRMATIVE DEFENSES**

Benson asserts the following affirmative defenses and reserves the right to assert additional defenses as discovery proceeds:

**First Affirmative Defense — Failure to State a Claim.**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense — No Unauthorized Access.**

Benson did not access Voxel's systems without authorization. Voxel's systems remained open and accessible following Benson's termination, and any continued access by Benson's mobile device was the result of Voxel's failure to revoke credentials and/or a technical failure to update a security token, rather than any intentional or unauthorized act by Benson.

**Third Affirmative Defense — No Misappropriation.**

Benson did not misappropriate, copy, use, retain, or disclose any trade secret or confidential information belonging to Voxel.

**Fourth Affirmative Defense — No Trade Secrets.**

The information alleged by Voxel to constitute trade secrets does not qualify as legally protectable trade secrets because, among other reasons, the information is generally known, publicly available, or not subject to reasonable measures to protect secrecy, as evidenced by Voxel's failure to terminate system access for over three weeks following Benson's separation.

**Fifth Affirmative Defense — Lack of Damages.**

Voxel has suffered no cognizable damages as a result of any act or omission by Benson.

**Sixth Affirmative Defense — Failure to Mitigate.**

To the extent Voxel suffered any damages, Voxel failed to take reasonable steps to mitigate those damages, including by failing to promptly revoke Benson's system access credentials upon his termination.

**Seventh Affirmative Defense — Waiver / Acquiescence.**

Voxel's claims are barred in whole or in part by waiver or acquiescence, including by virtue of its failure to disable Benson's system access upon termination of his employment.

**Eighth Affirmative Defense — Unclean Hands.**

Voxel's claims are barred in whole or in part by the doctrine of unclean hands.

**Ninth Affirmative Defense — Good Faith.**

Any access by Benson following his termination was inadvertent and in good faith, resulting from habit developed over 5.5 years of employment with Voxel and from Voxel's own failure to secure its systems.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Benson hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Brian Benson respectfully requests that this Court:

1.  Deny all relief sought by Voxel in its Complaint;

2.  Enter judgment in favor of Benson on all claims;

3.  Award Benson his costs and attorneys' fees to the extent permitted by law; and

4.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

LIPELES LAW GROUP, APC

Date: June 15, 2026

By: */s/ Thomas H. Schelly*
Kevin A. Lipeles, Esq.
Thomas H. Schelly, Esq.
Attorneys for Defendant
BRIAN BENSON

10

<u>**VERIFICATION**</u>

I, Brian Benson, declare as follows:

I am the Defendant in the above-captioned action. I have read the foregoing Verified Answer to Verified Complaint and know the contents thereof. The statements made therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2026, at Modesto, California.

<span style="color:blue">Brian A. Benson (Jun 15, 2026 11:23:10 PDT)</span>

Brian Benson

## <u>PROOF OF SERVICE</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is Lipeles Law Group APC, 1060 Aviation Blvd., Suite 100, Hermosa Beach, CA 90254. My electronic service address is: LindaB@kallaw.com. On the date below, I served the foregoing document(s) described as:

DEFENDANT BRIAN BENSON'S VERIFIED ANSWER TO VERIFIED COMPLAINT

By sending a true copy thereof to the address listed below:

| | |
|---|---|
| D. Joshua Salinas, Esq.<br>Sierra J Chinn-Liu, Esq.<br>Seyfarth Shaw LLP<br>2029 Century Park East, Suite 3500<br>Los Angeles, CA 90067<br>Tel: 310-277-7200<br>Fax: 310-201-5219<br>Email: jsalinas@seyfarth.com<br>Email: schinnliu@seyfarth.com | Attorneys for Plaintiff<br>VOXEL LABS INC. |

■ **By E-Mail or Electronic Transmission.** I caused the documents to be sent to the persons at the email address listed above in a PDF file, and the transmission appeared to be successful.

☐ **By United States Mail.** I deposited a sealed envelope containing a true and correct copy of the documents listed above with the United States Postal Service with the postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Hermosa Beach, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 15, 2026 at Hermosa Beach, California.

_Linda Beck_

_____
Linda Beck

LIPELES LAW GROUP, APC
1060 Aviation Blvd., Suite 100
Hermosa Beach, CA 90254

PROOF OF SERVICE